IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID L. ALLEN,<br><br>              Plaintiff,<br><br>   vs.<br><br>FIRST MORTGAGE COMPANY, LLC,<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>US BANK NATIONAL ASSOCIATION,<br>CHASE HOME FINANCE, LLC,<br>and DOES 1-10,<br><br>              Defendants. | 8:11CV276<br><br>FINDINGS AND<br>RECOMMENDATION |

This matter is before the court *sua sponte*. On August 22, 2011, the court informed the parties by letter of their obligation to meet and confer pursuant to Fed. R. Civ. P. 26(f) and to file a written report of their meeting. **See** Filing No. 7. The parties' deadline for filing the report was September 7, 2011. The defendants filed a planning report on September 16, 2011, however, no planning report has been filed by the plaintiff. **See** Filing No. 9. Further, the defendants state in their report that the defendants' counsel tried to contact the plaintiff's counsel on multiple occasions without success. On September 19, 2011, the court entered an order requiring the plaintiff to report to the court pursuant to Fed. R. Civ. P. 26(f) by September 26, 2011, or show cause why sanctions should not be imposed. **See** Filing No. 10. The plaintiff did not respond to the court's order.

The plaintiff's failure to comply with this court's order subjects the plaintiff to dismissal of the complaint. Similarly, a plaintiff's failure to prosecute his claims subjects a plaintiff to dismissal of the complaint. **See** NECivR 41.2. The Eighth Circuit has long held dismissal for failure to prosecute is well within the court's discretion. **See** *Roberts v. Missouri Div. of Emp't*, 636 F.2d 249, 250 (8th Cir. 1980). The court's discretion was later explained as follows:

> The Federal Rules of Civil Procedure permit dismissal with prejudice "[f]or failure of a plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b).

> Despite the breadth of this language, however, we have recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay. This does not mean that the district court must find that the appellant acted in bad faith, but requires "only that he acted intentionally as opposed to accidentally or involuntarily."

Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000) (citations omitted).  The Eighth Circuit continued, noting the district court did not err in dismissing the action with prejudice after finding the plaintiff had "engaged in a persistent pattern of intentional delay by willfully disregarding court orders and violating the Federal Rules." Hunt, 203 F.3d at 527-28.  However, the Eighth Circuit has also noted "[d]ismissal with prejudice is an extreme sanction and should be used only in cases of wilful disobedience of a court order or . . . persistent failure to prosecute a complaint." In re Popkin & Stern, 196 F.3d 933, 938 (8th Cir. 1999) (citations omitted); see Siems v. City of Minneapolis, 560 F.3d 824, 826 (8th Cir. 2009).  The court must initially consider "the egregiousness of the plaintiff's conduct" and, secondarily, "the adverse affect of the plaintiff's conduct on the defendant and on the administration of justice." Otis v. Knudsen, No. 05-489, 2008 WL 4949157, at *3 (D. Minn. Nov. 17, 2008) (**quoting** Wright v. Sargent, 869 F.2d 1175, 1176 (8th Cir. 1989)).

In this case, the plaintiff has failed to comply with the court order requiring him to participate in a planning conference.  Counsel for the plaintiff has failed to maintain communication with the court or opposing counsel.  If the court and counsel are unable to communicate with the plaintiff, such failure will interfere with the orderly processes of this court.  Such failure has already contributed to a delay in progressing this case to resolution.

Federal Rule of Civil Procedure 16(f) authorizes sanctions "[i]f a party . . . (a) fails to appear at a scheduling or other pretrial conference; . . . or (c) fails to obey a scheduling or other pretrial order."  In such circumstances, "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)"[1] for sanctions.  Additionally,

---

[1] Relevant here, the sanctions may include: "(iii) striking pleadings in whole or in part; . . . [or] (v) dismissing the action or proceeding in whole or in party . . . ." Fed. R. Civ. P. 37(b)(2)(A).

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2). Similarly, Fed. R. Civ. P. 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Any sanction associated with a plaintiff's failure to comply with a previous court order is harsh. Accordingly, the plaintiff was given an opportunity to show cause by filing a written response addressing his failures and why this litigation should not be adversely resolved against him. The plaintiff failed to provide the court with any explanation for his failure to comply with a court scheduling order. Similarly, the plaintiff failed to comply with the court's order to show cause. The plaintiff, or his counsel, has acted in a manner that interferes with the orderly processes of this court. The undersigned magistrate judge finds the plaintiff's failure to comply with the court's order in this action interferes with the orderly administration of justice. Upon consideration,

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

The plaintiff's complaint be dismissed, without prejudice.

DATED this 27th day of September, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge
